(No. 11961.—Judgment affirmed.)

THE STATE PUBLIC UTILITIES COMMISSION *ex rel.* The DeKalb County Telephone Company, *vs.* THE CITY OF DEKALB *et al.* Appellees.—(THOS. E. DEMPCY, Chairman, etc., Appellant.)

*Opinion filed April 17, 1918.*

1. PUBLIC UTILITIES—*when court acquires jurisdiction of appeal from the Public Utilities Commission.* The circuit court of Sangamon county acquires jurisdiction of an appeal from an order of the Public Utilities Commission when a copy of the notice of the appeal, with proof of service thereof, is filed with the clerk of said court, and the court may then hear and decide motions to dismiss the appeal and for a rule on the commission to file a transcript of the record.

2. SAME—*commission is bound by order of circuit court to file transcript of record.* Until it is reversed in a direct proceeding the Public Utilities Commission is bound by the order of the circuit court requiring it, without fees or the guaranty thereof, to file a transcript of the record of a proceeding in which there has been an appeal from the order of the commission, and the court's order is final and appealable so far as the commission is concerned.

3. CONTEMPT—*court has power to enforce orders made within jurisdiction.* The circuit court has power to enforce orders made within its jurisdiction by imposing penalties for disobedience thereof, either by fine or by jail sentence or both, but the proceeding to punish a contempt committed by refusing to obey an order to file a transcript of the record is a civil proceeding, as such contempt is not committed in the presence of the court.

4. SAME—*jurisdiction, only, can be questioned on appeal from judgment for contempt.* Where the court has jurisdiction of the person and of the subject matter and has entered a judgment for contempt for disobedience of its orders the correctness of such orders cannot be questioned on an appeal from said judgment, and an attempt to do so is a collateral attack upon the decision of the court, which cannot be successfully made without showing a want of jurisdiction.

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, GEORGE T. BUCKINGHAM, W. E. TRAUTMANN, and A. D. RODENBERG, for appellant.

JOHN FAISSLER, for the DeKalb County Telephone Company.

H. W. PRENTICE, (A. G. KENNEDY, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On July 13, 1916, the Public Utilities Commission entered an order authorizing the DeKalb County Telephone Company to change its rates. The city attorney of the city of DeKalb, on behalf of the city of DeKalb and patrons

of said telephone company, filed a notice of appeal from said order, with proof of service, with the clerk of the circuit court of Sangamon county, and also filed a copy of the notice with the secretary of the Public Utilities Commission. The secretary of the commission filed a certified copy of the order changing the rates in the office of the clerk of said circuit court but refused to file a transcript of the record in such appeal until fees therefor, amounting approximately to $175, were advanced or guaranteed by appellants. On October 9, 1917, more than a year after notice of the appeal had been filed, the cause having been set for hearing in the Sangamon county circuit court, and all parties, including the Public Utilities Commission, were present by their attorneys, the attorney for the DeKalb County Telephone Company filed a motion to dismiss the appeal on the ground that there was no record of the proceedings on file. A counter-motion was filed on behalf of the city of DeKalb and patrons of said telephone company asking for a rule upon the Public Utilities Commission to file a record or transcript of the proceedings instanter. Both motions were heard together. The court denied the motion to dismiss the appeal and ordered the commission to file a transcript of the proceedings within ten days. On October 25, 1917, the case was again called for hearing, and it appearing to the court that the commission had failed to file a transcript of the record in accordance with the rule of court theretofore entered, an order was entered citing the commission to appear and show cause why the members thereof should not be dealt with as for contempt of court for failure to comply with said rule. The commission appeared and through its chairman, Thomas E. Dempcy, stated that it refused to file said transcript on the ground that it was not its duty to do so until the costs for the preparation of the transcript had been paid or assured by appellees. Dempcy also announced to the court his refusal, as said chairman, to order the secretary of the com-

mission to prepare a transcript and his refusal to file the same until said costs had been paid or assured. The court thereupon adjudged Dempcy guilty of a contempt of the court and assessed a fine of $25 against him and entered an order of commitment until said fine is paid or he is otherwise discharged. From that order and judgment Dempcy has prosecuted this appeal.

The grounds assigned and argued here by appellant for the reversal of the judgment of the court in fining appellant are, that the court erred in denying the motion to dismiss the appeal pending in the circuit court, and also erred in ordering the commission to file the transcript without the fees being paid or guaranteed. This appeal is not an appeal from either of said orders, but is only an appeal by appellant from the order of the court adjudging him guilty of contempt and assessing a fine against him therefor. The court had jurisdiction of appellant, as he was personally present in the court and resisted the motion or rule against him and the commission to file a transcript, or at least he was present in court and refused to obey the order of court ordering him to file such transcript. Besides, appellant does not question in this appeal that the court had jurisdiction either of his person or of the subject matter. Jurisdiction was conferred on the circuit court of Sangamon county to hear and determine the matters to be submitted for its decision by that appeal when a copy of the notice of the appeal, with proof of service thereof, was filed with the clerk of said court. (Hurd's Stat. 1916, sec. 68, p. 2043.) That same section provides that no new or additional evidence may be introduced in any proceeding upon appeal from an order or decision of the commission, but that the appeal shall be heard upon the record of the Public Utilities Commission as certified to by it. The appeal, therefore, could not further proceed to a hearing without a transcript of the record in that case made before the commission at the hearing, and which record consists

of a transcript of the testimony, all exhibits or copies there-
of introduced, and all information secured by the commis-
sion on its own initiation and considered by it in entering
its order or decision, and of the pleadings, record and pro-
ceedings in the case.  (Hurd's Stat. 1916, sec. 65, p. 2041.)
The court, therefore, had jurisdiction to hear and decide
the two motions pending before it,—the motion to dismiss
the appeal and the motion for a rule on the commission to
file a transcript of the record.  Dempcy and the commission
are absolutely bound by the order of the court requiring
them, without fees or the guaranty thereof, to file the tran-
script, until such order is reversed by an appeal or writ of
error prosecuted to the proper court.  Such order was a
final, appealable order so far as Dempcy and the commis-
sion were concerned, as it disposed of the entire contro-
versy so far as they were concerned, and finally, unless re-
versed by appeal or writ of error.  *Bailey* v. *Conrad,* 271
Ill. 294; *Mussey* v. *Shaw,* 274 id. 351.

The court having had jurisdiction to pass upon the ques-
tion whether or not the appeal pending before it should be
dismissed or the commission ruled to file a transcript with-
out fees, it also had the power, after entering its order on
Dempcy and the commission to file the transcript without
fees, to lawfully enforce obedience to its order.  The power
to enforce such order includes the further power to impose
penalties as a punishment for defiance of its orders, either
by fine or by jail sentence, or both.  In such case the pro-
ceeding is not a criminal one, such as contempts committed
in the presence of the court are, but is a civil proceeding
for the benefit of those interested in the enforcement of
the judgments, orders or decrees of the court.  (*Clark* v.
*Burke,* 163 Ill. 334.)  The only question that may properly
be decided by this court on this appeal is the one of juris-
diction of the court to hear and pass upon the question
whether or not it was the duty of the commission to file a
transcript of the record without fees advanced or guaran-

teed, and the additional question whether or not the court had jurisdiction of appellant when he was fined for contempt. No question is raised as to the excessiveness of the punishment. The court undoubtedly had jurisdiction to determine the questions presented to it, and it is absolutely immaterial whether the court erred in its conclusion that the commission was not entitled to have its fees paid or guaranteed before filing the transcript of its record. The rule in such cases is that the party cannot be the judge of his own case and refuse to obey the order of court, no matter how flagrantly erroneous the decision of the court may have been in requiring him to do the thing it ordered him to do. *Clark* v. *Burke, supra; Leopold* v. *People,* 140 Ill. 552.

It necessarily follows from what we have already said that appellant cannot question the correctness of the court's orders in refusing to dismiss the appeal and in refusing to hold that appellant and the commission were right in their contention that they should be paid or guaranteed fees before filing the transcript of the record. The only thing that appellant could do in that regard would be to show either that the court had no jurisdiction of his person or was without jurisdiction of the subject matter, and therefore without right to determine the two basic decisions aforesaid out of which this contempt proceeding grew. This court has frequently so determined. (*Walton* v. *Develing,* 61 Ill. 201; *Flannery* v. *People,* 225 id. 62.) Appellant is not in a position on this appeal to ask this court to pass upon the correctness of the lower court's ruling in the two basic propositions out of which this contempt proceeding grew. Such an attempt is clearly a collateral attack upon the decision of the court, and which cannot be successfully made without showing a want of jurisdiction of the subject matter in the court. It would not be proper for this court to pass upon those questions as they have absolutely nothing to do with the decision of this case, as the jurisdiction of the court is practically admitted. No good reason

appears for the interference of this court with the judgment of the court herein appealed from, and it must therefore be affirmed.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*