(No. 43108.—

United Cities Gas Company *et al.*, Appellants, *vs.* Illinois Commerce Commission, Appellee.

*Opinion filed Dec. 4, 1970.—Rehearing denied Jan. 27, 1971.*

Chapman and Cutler, of Chicago, (John N. Vander Vries and Daniel J. Jucera, of counsel,) for appellants.

William J. Scott, Attorney General, Peter A. Fasseas, Assistant Attorney General, Frank M. Pfeiffer and Graham and Graham, all of Springfield, for appellee and separate appellant.

Mr. Justice Crebs delivered the opinion of the court:

This case involves the competing applications of United Cities Gas Company (United) and Consumers Gas Company (Consumers) for a certificate of convenience and necessity to furnish natural gas service in the city of Shawneetown, the village of Junction and the village of Old Shawneetown, all in Gallatin County. The applications of the two utilities were consolidated for hearing and order, and on July 23, 1969, the Commerce Commission entered its order granting the application of Consumers and denying the application of United. On appeal by United, the circuit court of Gallatin County affirmed the denial of a certificate to United, re-

versed the grant of a certificate to Consumers and remanded the cause to the Commission. Both utilities now appeal directly to this court pursuant to Rule 302—United appealing from that portion of the order affirming the denial of a certificate to it and Consumers appealing from that portion of the order reversing the grant of a certificate to it.

Consumers has an existing 4-inch transmission line four miles north of the intersection of Illinois highways No. 1 and No. 13. It proposes to extend this 4-inch line south along highway No. 1 to the intersection, then a 3-inch line southeasterly along highway No. 13 for 3 miles to Junction (population 240), then continuing southeast along highway No. 13 for 3 miles with the 3-inch line to Shawneetown (population 1621) and then continuing southeast along highway No. 13 for 3 miles with a 2-inch line to Old Shawneetown (population 433). United has recently been certificated to serve the village of Equality with natural gas. Equality is 4 miles east of the intersection of highways No. 1 and No. 13. United proposes to extend its proposed 4-inch line from Equality to the intersection, then continuing southeast along highway No. 13 with a 4-inch line to Junction and Shawneetown, then generally southeast along highway No. 13 with a 2-inch line to Old Shawneetown. The Commission found that the distance involved in the extension of gas transmission mains to the contested areas would be approximately the same for either utility and this finding is not, of course, disputed.

The Commission also found that in its consideration of the numerous items of public convenience and necessity (the items are set out) neither utility is significantly ahead of the other and that in an uncontested application either of the two utilities would have qualified for the certificate. It granted the certificate to Consumers, however, because: (a) it was the first to publicly demonstrate its willingness, desire and intention to serve the area; (b) it has an existing commitment from Texas Eastern Transmission Corporation for

sufficient natural gas to supply the new area for the 1969-70 heating season and United does not; (c) its franchise from Junction antedates that of United; (d) it is the company from which the city council of Shawneetown desires to purchase natural gas; and (e) United's 4-inch line at Equality which it proposes to extend into the new area has not yet been constructed. The circuit court (except as to a matter not here relevant) found that the order of the commission was against the manifest weight of the evidence and that the commission had failed to make necessary findings, particularly as to the financial ability of both utilities.

United argues that the Commission failed to make necessary and proper findings and the findings it did make are contrary to the law and the evidence. Specifically it contends that it should have been granted the certificate because: (a) it is the only applicant having a sufficient gas supply to serve the new area; (b) it is the only applicant with the ability to provide safe and adequate service; (c) it is the only applicant whose proposal is economically feasible; (d) it is the only applicant with financial ability to serve the new area; (e) it is the only applicant who develops its service areas; (f) it is the only applicant having sufficient and contiguous personnel and facilities; (g) it will use a better route; (h) it is the first applicant to demonstrate its willingness to serve the new area; and (i) it is the "first in the field."

The evidence concerning the issues raised by United was for the most part conflicting, and the findings of the Commission are contrary to United's assertions. The gist of United's long, detailed and often technical argument, however, is simply that its witnesses and exhibits are more worthy of belief. Our examination of the record leads us to the conclusion that the Commission was entirely justified in finding that both utility companies were equally qualified to serve the new area. We also feel that the basis it used

for granting the certificate to Consumers rather than United was reasonable under the facts of this case.

It is true that the Commission's order did not make a finding on each of the issues in controversy. We have held, however, that it is not necessary to make a particular finding as to each evidentiary fact or claim. (*Chicago Junction Railway Co.* v. *Illinois Commerce Com.*, 412 Ill. 579; *Chicago, Burlington and Quincy Railroad Co.* v. *Commerce Com. ex rel. Brotherhood of Railroad Trainmen,* 364 Ill. 213.) The commission made sufficient findings to support the order and those findings had a substantial foundation in the evidence.

The judgment of the circuit court of Gallatin County is accordingly reversed and the order of the Commerce Commission is confirmed.

*Judgment reversed;*
*order of Commission confirmed.*