ILLINOIS TELEPHONE ASSOCIATION, Plaintiff-Appellee, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellant.

Fourth District   No. 13151

Opinion filed June 3, 1976.

William J. Scott, Attorney General, of Chicago (Peter A. Fasseas, James R. Sullivan, and Hercules F. Bolos, Assistant Attorneys General, of counsel), for appellant.

Douglas G. Brown, of Gillespie, Burke & Gillespie, P.C., of Springfield, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Illinois Commerce Commission (hereinafter ICC or Commission), after holding hearings, issued revised rules governing credit policies of all public utilities, including telephone companies. The plaintiff, Illinois Telephone Association, an unincorporated organization

of Illinois Telephone utilities, appealed the ICC's decision to the circuit court. The trial court set aside the ICC order because it failed to make the findings of facts mandatorily required by section 65 of "An Act concerning public utilities" (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 69). The circuit court remanded the case to the Commission. The Commission did not appeal this order. The ICC issued a revised order which the Association again appealed to the circuit court. The ICC filed a motion to dismiss on the ground that the Association had failed to perfect its appeal. The circuit court denied that motion and set aside the ICC order for failure to make proper findings of fact. The ICC appeals the denial of its motion to dismiss and the setting aside of its order.

The issues on appeal are four: (1) Whether the circuit court lacked jurisdiction because of the failure of plaintiff to file a "complete" record with the ICC; (2) Whether the Association has standing to appeal the ICC order on telephone credit practices; (3) Whether an ICC order may be set aside on motion in the circuit court; and (4) Whether the circuit court erred in setting aside the order for failure to make required findings of fact. Since the standing issue is dispositive the other three issues will not be considered.

■■ The Commission argues that plaintiff, an unincorporated association, cannot seek judicial review as a representative of Illinois telephone companies. The Illinois Supreme Court has recently addressed the question of the standing of unincorporated associations in *Technical Engineers Local 144 v. La Jeunesse*, 63 Ill. 2d 263. The court held that the common-law rule that an unincorporated association could sue or be sued in its own name only if all members are joined as parties, was still the law in Illinois and that any changes in the rule must be made by the legislature. The only statutory provision in Illinois concerns the right of unincorporated associations to sue and be sued in actions concerning their real estate. Ill. Rev. Stat. 1973, ch. 30, par. 185.

The Supreme Court noted that actions in equity were an exception to the general rule, where representative suits by a portion of the members were permissible.

■■ Judicial review of administrative decisions is not equitable. Rather, it is comparable to an action at law. *Fenyes v. State Employees' Retirement System*, 17 Ill. 2d 106, 160 N.E.2d 810.

■■ Since the Illinois Telephone Association brought this suit in a representative capacity without joining all its members, the Association had no standing.

Accordingly, the order of the Circuit Court of Sangamon County is reversed.

Judgment reversed.

TRAPP, P. J., and CRAVEN, J., concur.