CAMELOT UTILITIES, INC., Plaintiff-Appellant, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellee.

Third District   No. 76-317

Opinion filed July 11, 1977.

6

ALLOY, P. J., dissenting.

Christine Hehmeyer, of Isham, Lincoln & Beale, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Rodney Howard, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Camelot Utilities, Inc. filed a petition with the defendant, Illinois Commerce Commission, on April 22, 1974, requesting an increase in the sewer and water rates plaintiff charged its customers. After hearings were conducted by the Commission into the reasonableness of the proposed rates, the Commission denied any increase in water rates and granted an increase in sewer rates of $1 per month for the minimum charge to each customer. The company then sought review in the circuit court of Will County pursuant to section 68 of the Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 72). The circuit court of Will County affirmed the Commission order and this appeal followed.

The plaintiff is a public utility which supplies water and sewer services to the Camelot subdivision located in Will County. Plaintiff has sufficient water supply and sewage treatment facilities to serve approximately 100 homes. At the end of the test year of 1973, the plaintiff was serving 73 customers.

At the hearings evidence was presented by the water company, the Camelot Homeowners Association (who had previously been allowed to intervene), and the staff of the Commerce Commission. The substance of the evidence of each of these parties, portions of which are conflicting, was set out in a prefatory section to the Commission's final order. Each of the parties presented different evidence as to what were the operating expenses, operating revenue, original property costs, and the present fair market value of the utilities property (rate base). All the evidence set forth in the prefatory section of the Commission's order, whether conflicting or not, was adopted as a finding by the Commission. There is agreement between all parties as to the type and amount of adjustments to the net original costs which are required to compute the rate base with the exception of working capital. All parties agree that an addition for working capital is required, but disagree as to the exact amount. The findings of the Commission do include amounts for the net original costs of the sewer and water plants. Slight variations in the original costs existed between the figures submitted by the utility and those submitted by the Commission's staff.

The rates submitted by plaintiff would have increased existing rates by 110 percent. The Commission declared that to allow such rates would impose an undue hardship on present customers because the rate of return would be realized on the overinvestment that the utility had made. The order further states:

"An investment of such magnitude is not needed to serve Respondent's [plaintiff] present customers. Present customers should not be expected or required to pay unreasonably high rates

in order to give the utility a 'fair' rate of return on its overinvestment."

The order fails to state the extent of the overinvestment to which the Commission refers to in the preceding passage.

On appeal, plaintiff contends that the failure of the Commission to make basic findings of fact with respect to the rate base, operating expense, operating revenue, and rate of return constitutes reversible error. Plaintiff supports this position by reference to section 65 of the Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 69), which plaintiff contends mandates that the Commission make these basic findings.

In response, the Commission argues that it made proper and sufficient findings, that the findings need take no particular form, and that it is unnecessary to make a specific finding as to each evidentiary fact or each contention. We believe the Commission's order does not set forth all of the necessary basic findings and we therefore must reverse the Commission's order.

■■ ■ Matters of rate regulation are essentially ones of legislative control (*State Public Utilities Com. ex rel. City of Springfield v. Springfield Gas & Electric Co.*, 291 Ill. 209, 125 N.E. 891) and it was never intended that the courts should interfere with the Commission or review their determinations further than is necessary to keep them within the law. (*People v. McCall* (1916), 219 N.Y. 84, 113 N.E. 795; accord, *State Public Utilities Com. ex rel. City of Springfield v. Springfield Gas & Electric Co.*, 291 Ill. 209, 209, 125 N.E. 891.) The appropriate scope of judicial review of the Commission's orders is "limited to a consideration of the questions of whether the Commission acted within the scope of its authority, whether it made findings in support of its decision, whether the findings and decision have a substantial foundation in the evidence, and whether constitutional rights have been infringed by the decision." (*Produce Terminal Corp. v. Illinois Commerce Com.*, 414 Ill. 582, 589, 112 N.E.2d 141, 144; accord, *Illinois Bell Telephone Co. v. Illinois Commerce Com.*, 55 Ill. 2d 461, 303 N.E.2d 364.) We agree with the defendant that it is unnecessary for the Commission to make a specific finding as to each evidentiary fact or contention. Such a position finds support in *Illinois Bell Telephone Co. v. Illinois Commerce Com.*, 55 Ill. 2d 461, 303 N.E.2d 364; accord, *United Cities Gas Co. v. Illinois Commerce Com.*, 55 Ill. 2d 461, 303 N.E.2d 364; accord, *United Cities Gas Co. v. Illinois Commerce Com.*, 47 Ill. 2d 498, 265 N.E.2d 608, but the Commission should state its conclusions as to each of the basic elements necessary to be considered. *State Public Utilities Com. ex rel. City of Springfield v. Springfield Gas & Electric Co.*, 291 Ill. 209, 125 N.E. 891.

■■ ■ We believe that to enable a court to intelligently review a

Commission order in a rate case such as this (see *Fleming v. Illinois Commerce Com.*, 388 Ill. 138, 57 N.E.2d 384) it is necessary for the findings contained in the order to succinctly set forth the pro forma operating revenues, pro forma operating expenses, net original costs, rate base and the rate of return to which the utility is entitled. If the Commission believes that the utility has overinvested in constructing necessary facilities, which appears to be what the Commission believes, from its order in this case, the Commission must also state the amount of that overinvestment. We believe that an overinvestment, if there is any, constitutes a basic element in computing rate base and without knowing the exact amount, it is impossible for this or any other court to intelligently review the intermediate steps taken in arriving at the rate base. We are not particularly concerned with the computations utilized by the Commission to arrive at any of these figures so long as they are not against the manifest weight of the evidence, but it is imperative that the Commission state what the final amount of each is.

■■ ■ Counsel for defendant contends that the Commission has impliedly adopted its own staff's recommendations. No cases are cited by the defendant in support of such a proposition and we believe that such an implied adoption is in conflict with the requirement that the Commission make certain basic findings. We note that even if defendant was correct, the Commission's staff recommendations do not supply all the basic findings that are lacking in the order. Defendant's second argument is essentially that because of the Commission's findings that the rates allowed are reasonable and evidence can be found in the record to support such a finding, there are sufficient facts for this court to review and a sound basis for the order entered. Neither the order of the Commission nor the brief of defendant indicate any rate of return. This court has neither the authority nor the responsibility in a case such as this to examine the record in search of evidence to support the Commission's ultimate conclusion that the rates allowed are reasonable. Such support should come from the basic findings that the law requires the Commission to make. The court in *City of Alton v. Commerce Com.*, 19 Ill. 2d 76, 165 N.E.2d 513, rejected a similar position and determined that the parties and the public have a right not just to a reasonable determination, but rather to a determination resulting from sound analysis of the problems presented. In *City of Alton*, such an analysis included setting out elements or basic findings comparable to those we have previously indicated should have been made in this case.

■■■ We do not decide today whether or not the rates allowed by the Commission were reasonable, but only that insufficient basic findings were made by the Commission to reach that determination. The Commission has broad discretion in deciding what is reasonable and it is

not the position of this court to interfere with the functions and authority of the Commission, so long as the Commission's order demonstrates a sound and lawful analysis of the problems encountered. (See *Village of Milford v. Illinois Commerce Com.*, 20 Ill. 2d 556, 170 N.E.2d 576.) The Commission has the responsibility of balancing the right of the utility's investors to a fair rate of return against the right of the public that it pay no more than the reasonable value of the utility's services. While the rates allowed can never be so low as to be confiscatory, within this outer boundary, if the rightful expectations of the investor are not compatible with those of the consuming public, it is the latter which must prevail. See *State Public Utilities Com. ex rel. City of Springfield v. Springfield Gas & Electric Co.*, 291 Ill. 209, 125 N.E. 891.

The judgment of the circuit court of Will County is reversed and the cause is remanded to the Commerce Commission for further proceedings not inconsistent with the views expressed herein.

Judgment reversed and cause remanded.

SCOTT, J., concurs.

Mr. PRESIDING JUSTICE ALLOY, dissenting:

I cannot agree with my colleagues that this cause should be remanded on the ground of insufficient basic findings by the Illinois Commerce Commission in reaching its decision. The order makes clear that the Commission made basic findings of fact sufficiently specific to enable the court to review intelligently that decision and also to ascertain whether the facts found therein afford a reasonable basis for the order entered.

Camelot had argued that the order should be remanded with directions to the Commission to determine operating revenues and operating income which would be derived from the allowed rates and also to make a determination as to a fair rate of return. Camelot's operating expenses and operating income and operating revenue are clearly defined by the Commission in the order and even by Camelot's own calculations in the brief the additional revenues generated by the rates were easily determined to be $876. Clearly all of the necessary factors and findings for the Commission order are specifically shown on the record.

There is no dispute as to the principles which should be applied in reviewing an order of the Illinois Commerce Commission. Some of these principles are recited in the majority opinion filed herein. It is clear also from the record that the Commission made proper and sufficient findings of fact and allowed rates which provide fair and reasonable returns to the investor. While Camelot questions the adequacy of the allowed rates and implies that they are confiscatory because the company could invest a

sum of money equivalent to the value elsewhere and receive a rate of return in excess of the return from the rates authorized by the Commission. This argument was clearly shown to be without merit in *Illinois Bell Telephone Co. v. Illinois Commerce Com.* (1953), 414 Ill. 275. In that case the Illinois Supreme Court noted that when investment is made in business dedicated to public service it must be recognized that, as compared with investment in private business, the investor cannot expect high or speculative dividends, but that his obligation limits him to only fair and reasonable returns.

It is noted in the majority opinion that an order of the Illinois Commerce Commission could not be set aside unless it is arbitrary, unreasonable, against the manifest weight of the evidence or directly contrary to an established rule of law. On the basis of the record in this cause, the court of review should clearly affirm the determination of the Illinois Commerce Commission. (*State Public Utilities Com. ex rel. City of Springfield v. Springfield Gas & Electric Co.* (1919), 291 Ill. 209.) Orders of the Commission are to be considered prima facie reasonable and the burden of proof on all issues raised by appeal is on the appellant. (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 72; *Missouri Pacific Ry. Co. v. Illinois Commerce Com.*, 401 Ill. 241, 248 (1948).) In view of the fact that on the record the Commission made requisite findings of fact and the findings and order are supported by substantial evidence in the record, a conclusion that the Commission's findings were manifestly against the weight of the evidence or contrary to established legal principles could not be sustained. Accordingly I believe that the order of the Illinois Commerce Commission should be affirmed.