ILLINOIS TELEPHONE ASSOCIATION, Plaintiff-Appellee, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellant.

Fourth District   No. 13151

Opinion filed February 17, 1978.—Rehearing denied March 31, 1978.

William J. Scott, Attorney General, of Chicago (Peter A. Fasseas, James R. Sullivan, and Hercules F. Bolos, Assistant Attorneys General, of counsel), for appellant.

Douglas G. Brown, of Gillespie, Burke & Gillespie, P. C., of Springfield, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In June 1974, the Illinois Commerce Commission (Commission), after hearings and deliberation, entered two general orders relating to the credit policies of gas, electric, water, and telephone companies in the State of Illinois. Prior to the issuance of these general orders, the Illinois Telephone Association (Association) filed a motion requesting separate hearings on telephone credit rules. That motion for separate hearings was denied and after the issuance of the general order, the Association filed an appeal in what we can refer to as the first circuit court proceeding. In that proceeding, the Association was successful in causing the order, apparently the entire order, to be vacated and the cause remanded to the Commission for further proceedings.

The basis of the circuit court action was that the order of the Commission was said to be deficient in that there were not sufficient findings of fact upon which to predicate the order. At the time of the first circuit court order, there was not before the circuit court a certified record of the proceedings had before the Commission. The judgment was apparently based upon the order alone and the apparent determination that it was facially deficient in its findings.

In any event, we pick up this continuing, rather technical, controversy at the point of remandment to the Commission and the issuance of a revised general order No. 172 relating to certain utilities with which we are not here concerned, and a separate general order No. 197 relating in substantial detail to the credit granting, bill collecting, and collection practices of telephone companies. The Association, on behalf of its 60 member companies, sought a rehearing before the Commission after the issuance of the revised order upon remand. That petition for rehearing was denied and the Association undertook to perfect an appeal under the applicable statutory provision to the circuit court of Sangamon County.

In the circuit court proceeding, the Association again filed a motion to set aside the order as revised upon remand, asserting that the order failed to make what is referred to as a mandatory findings of fact as allegedly required by the Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 1 *et seq.*). The one-page motion simply recited that on October 23, 1974,

the Illinois Commerce Commission entered an order on remand which failed to contain the mandatory findings of fact required by the Public Utilities Act as specifically ordered and directed by the circuit court. No other specification of deficiency is found in the motion itself, although there is appended to the motion an elaborate brief in support of the motion to set aside the order.

The Commission filed its motion to dismiss the appeal, alleging that the Association had failed to perfect its appeal as required by section 68 of the Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 72). Ultimately, the circuit court, again without having a complete record, denied the motion to dismiss the appeal and granted the motion to vacate and set aside the order of the Commission as issued upon remandment.

That decision of the circuit court was appealed to this court, and we joined in this war of technicalities and filed an opinion holding that the Association, being an unincorporated association, lacked standing to appeal the order of the Commission (*Illinois Telephone Association v. Commerce Com.* (1976), 38 Ill. App. 3d 740, 348 N.E.2d 490). The Illinois Supreme Court granted petition for leave to appeal, held that the unincorporated Association did have standing, reversed the decision of this court, and remanded the case to us for consideration of the remaining issues on appeal (*Illinois Telephone Association v. Commerce Com.* (1977), 67 Ill. 2d 15, 364 N.E.2d 63). Those issues are (1) whether the circuit court lacked jurisdiction of the appeal because the failure of the issuance to file a complete record with the Commission, and (2) whether the order of the Commission may be set aside by a mere motion in the circuit court, and (3), and intertwined with 2, the issue of whether the circuit court erred in setting aside the order of the Commission for failure to make the findings of fact allegedly required by the statute.

The statutory scheme for appeals from the Commerce Commission to the judiciary is found in section 68 (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 72), and generally it is there provided that within 30 days after the service of any order or decision of the Commission refusing an application for rehearing of any rule, regulation, etc., any person affected by such decision may appeal to the circuit court by filing a notice of appeal as there provided. After the filing of the notice of appeal, the Commission is required, within five days, to file with the clerk of the circuit court to which such appeal is taken, a certified copy of the order appealed. Within 20 days thereafter, the statute places the burden upon the appealing party to furnish to the Commission either a copy of the transcript of the evidence, including the exhibits, or it provides the parties may enter into a stipulation with reference to narrowing the issue on appeal. The record thus accumulated is required to be certified by the Commission and filed

with the circuit court. The appeal thereafter proceeds in the circuit court upon that record.

In this case, the Association apparently neglected to supply the Commission with all of the exhibits applicable to the general rule and, ironically, apparently the missing exhibits relate to matters other than general order No. 197. In any event, because of this deficiency, the Commission did not file the complete record, and without a complete record the trial court determined the order to be facially deficient, had no record to refer to to otherwise ascertain the validity of the order, and thus entered an order vacating a general order of the Illinois Commerce Commission.

The motion of the Commission to dismiss the appeal, like the motion of the Association to vacate the order, was lacking in specificity. There is no contention that the omitted exhibits pertained to the issues upon this appeal, and there is in fact no contention that the alleged missing findings are in any way relevant to the issues in the general order.

■■ It is true that appeals from orders of the Commission are purely statutory. We are not persuaded, however, that an appeal from the order of the Commission should be frustrated upon irrelevant issues and points of procedure. We see no reason why any step in the perfection of an appeal from an order or decision, rule or determination, by the Commission should have to be pursued with more exactitude than an appeal from an order of the circuit court. The appeal is initiated by the timely filing of the notice of appeal. We find no logical or statutory reason why any other step should be determined to be jurisdictional.

■■■ The Commission's contention that an appeal can be, and would be, aborted by the Commission's determination not to file the record on appeal for some minor deficiency as to an exhibit is untenable. Clearly the legislature did not intend to provide so simple a device to frustrate appeals from the Commission. In *State Public Utilities Com. v. City of DeKalb* (1918), 283 Ill. 443, 119 N.E. 423, the court noted that circuit courts had jurisdiction to deny motions to dismiss an appeal and affirmed a judgment of contempt against the chairman of the Commission for failure to comply with an order to file a transcript. The supreme court there said:

> "Jurisdiction was conferred on the circuit court of Sangamon county to hear and determine the matters to be submitted for its decision by that appeal when a copy of the notice of the appeal, with proof of service thereof, was filed with the clerk of said court" 283 Ill. 443, 446, 119 N.E. 423.

We conclude that the trial court upon the existing authority quite properly denied the motion by the Commission to dismiss the appeal.

■■ We likewise conclude that the trial court committed error when it vacated the order of the Commission without benefit of the record and upon the basis of the purported want of sufficient findings.

We note initially that we are here concerned with a general order of the Commission applicable by its express terms to all telephone entities in the State of Illinois.

■■ Quite obviously, in the promulgation of this order the Commission was functioning under its statutory mandate to have general supervision of all public utilities and to inquire into the management and business of them and to keep itself informed as to the manner and method in which the utilities conduct their business. It appears from the record before us, indeed from the order, that the Illinois Commerce Commission conducted extensive hearings with reference to the proposed general order. It also appears that the Commission heard from the utilities, consumer groups, interested users, and the public generally, and that it solicited input into its decision-making process. It is quite apparent that the Commission was mindful of a substantial want of uniformity with reference to the granting of credit, compensation of service, and the collection of bills. The general order under attack expressed a desire for uniformity and provided for that uniformity. Clearly under section 8 of the Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 8), the Commission has full power and authority to conduct and hold such hearings, and may adopt reasonable and proper rules and regulations relative to the exercise of its powers, and we deem that there is a substantial difference in the necessity for findings with reference to general application orders as distinguished from orders entered upon narrow focus, single issue, single incident, or application proceedings before the Commission. In this connection, it is to be noted that in *Antioch Milling Co. v. Public Service Co.* (1954), 4 Ill. 2d 200, 123 N.E.2d 302, the court held that the Commission need not make findings of fact to support every order. The court there was making reference to an order of the Commission permitting certain proposed rates to go into effect without a formal hearing and formal findings and order. We are not unmindful of the long line of cases that hold the Commission to a requirement of findings sufficient to justify a specific order. We are not persuaded, however, that the circuit court should substitute its judgment in an area obviously demanding technical expertise upon an issue as complex as this. Rather, we perceive the rule to be that the judiciary is to affirm orders of the Commission unless such is unsupported by evidence in the record or is contrary to some rule of law. (*Central Illinois Light Co. v. Commerce Com.* (1973), 10 Ill. App. 3d 370, 294 N.E.2d 89.) The Commission is not required to make particular findings as to each and every evidentiary fact or claim. (*United Cities Gas Co. v. Commerce*

*Com.* (1970), 47 Ill. 2d 498, 265 N.E.2d 608.) As we have noted, if the complete record is not filed, the court has the authority to compel the filing of such record, and, in doing so, is authorized to exercise its contempt powers.

■■ Finally, where the findings of the Commission, although general in nature, are predicated upon an existing public need, and that need is demonstrated by the evidence, the order issued by the Commission in response to that need should not be set aside. (*Eagle Bus Lines, Inc. v. Commerce Com.* (1954), 3 Ill. 2d 66, 119 N.E.2d 915.) In the cited case, the court further observed that to reverse and set aside an order on the ground of unreasonableness there must be arbitrary action, not resting on a reasonable basis for the exercise of the discretionary powers of the Commission. 3 Ill. 2d 66, 75, 119 N.E.2d 915, 920.

Accordingly, we hold that the circuit court was in error in granting the motion to vacate the general order. This cause is remanded to the circuit court with directions to enter an order requiring the Commission to file the complete record in the circuit court, and that court shall thereafter review that record and then rule upon the validity of the general order in accordance with the views herein expressed.

Reversed and remanded with directions.

REARDON, P. J., and TRAPP, J., concur.