DELORES LERGNER, Plaintiff-Appellant, *v.* STATE EMPLOYEES' RETIREMENT SYSTEM OF ILLINOIS, Defendant-Appellee.

Third District    No. 80-480

Opinion filed June 29, 1981.

Dennis J. Baron, of Nutting, Thacker, Sacks and Paulauskis, of Kankakee, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Kankakee County affirming, upon administrative review, a denial of plaintiff Delores Lergner's claim for nonoccupational disability benefits from the State Employees' Retirement System.

According to the record, plaintiff was first employed at Manteno Mental Health Center in 1961 as a clerk-typist and at the time involved here, she held a position as an alcoholism counselor. In 1971 her left eye was removed surgically after a diagnosis of congenital glaucoma, and subsequently the vision in her right eye began to deteriorate. On December 1, 1978, upon advice of her physician, plaintiff took a medical leave of absence from her work, and in May of 1979 she applied for nonoccupational disability benefits under section 14—124 of the Illinois Pension Code, which provides:

"A member with at least 1½ years of creditable service may be granted a non-occupational disability benefit, if:

(1) application for the benefit is made to the system by a member in writing after the commencement of disability;

(2) the member is found upon medical examination to be mentally or physically incapacitated to perform the duties of the member's position." (Ill. Rev. Stat. 1979, ch. 108½, par. 14—124.)

In addition the Code requires that the member has been granted a leave of absence for disability at the time of commencement of disability and that the member has used all accumulated sick leave. Both of these requirements were met by defendant. The Code also requires that a member shall be considered disabled only when the Board of Trustees of the System has received a written certificate by a physician certifying that the member is disabled "and unable properly to perform the duties of his position at the time of disability" and a certificate from the employee that he is not and has not been engaged in gainful employment.

Plaintiff's application for disability benefits was accompanied by two doctor's certificates certifying that she was legally blind and that her visual acuity was "finger counting at three feet." Neither doctor commented upon her ability to perform the duties of the position she pre-

viously held. Plaintiff was initially granted a disability pension in June of 1979, but thereafter, the Retirement System sent an investigator to examine the circumstances surrounding the claim. When interviewed by the claim investigator, plaintiff said that she still could perform the duties of an alcoholism counselor and that she would be willing to do so; however, she said the position had been discontinued and she could not do other work. When this report was filed, inquiry was made with Manteno Mental Health Center. According to a letter from an administrative assistant at Manteno dated August 31, 1979, plaintiff's position was still available "whenever she is physically able to return." The Department then submitted to the examining physician a "Job Duty Statement" listing various physical activities, such as climbing stairs, walking, standing, sitting, bending, full use of both hands, etc., and asking whether plaintiff can perform those duties. The physician answered, "Yes," that plaintiff has no physical restrictions, other than her blindness, and that she would be able to perform those duties if she was offered a position similar to the one she previously held, keeping in mind patient safety, and not requiring her to work "among the total patient population."

Thereafter, the Retirement System notified plaintiff that her benefits were being terminated because the position was still available, her doctor said she could perform the duties of her occupation, and she had indicated she would be willing to return to work.

Plaintiff responded with a letter protesting the decision and stating that she would not be returning to her former employment. Accompanying the letter was a statement from her physician that she is legally blind and can perform the duties of an alcoholism counselor only if she were working under identical surroundings and conditions as previously. The next document appearing in the record is a memorandum dated October 16, 1979, from the "Claims Division" of the Retirement System to the System's Executive Committee summarizing the status of plaintiff's claim, noting that she has appealed the denial of her claim because she does not have a position to return to, and indicating, "I talked with the Personnel Director at Manteno Health Center who also advised that the job was abolished and she would have to be placed in a different position." On November 14, 1979, the Executive Committee of the System denied the appeal without reference to the October 16 memorandum, and plaintiff was duly notified as follows: "Based on the documentation available indicating the stated ability to return to your position, the Executive Committee denied your appeal."

Shortly thereafter, two officials from the Department of Mental Health wrote to the System explaining that while plaintiff was on leave of absence, the alcoholism program was "organizationally restructured,

relative to worksite, global job duties and patients treated." The letters indicated that, as plaintiff's eyesight worsened, her co-workers had assisted her so she could continue to work, but now, as a result of organizational changes, she would be in physical danger and would not be able to treat the patients properly. Clearly it was the opinion of those responsible that plaintiff was not able to return to the position of alcoholism counselor due to changes in the location and structuring of that position during her absence. Both of the letters were placed in plaintiff's file and made available to the Board of Trustees at its meeting in December. The Board, however, merely ratified the denial of her claim, and plaintiff thereafter retained counsel and filed a complaint for administrative review of the Retirement System's action. The circuit court affirmed, and this appeal followed.

Plaintiff argues that the denial of her claim for benefits was contrary to the manifest weight of the evidence in the record and was not supported by substantial competent evidence, particularly as to whether the same position is still available to her at Manteno Mental Health Center. The trial court in a written memorandum of opinion observed that important information was missing from the record and that this case should be remanded for the taking of additional evidence under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 275), which provides in part, as follows:

> "Powers of the trial court. (1) The Circuit Court shall have power:
>
> * * *
>
> (f) where a hearing has been held by the agency, to reverse and remand the decision in whole or in part, and, in such case, to state the questions requiring further hearing or proceedings and to give such other instructions as may be proper;
>
> (g) where a hearing has been held by the agency, to remand for the purpose of taking additional evidence when from the state of the record of the administrative agency or otherwise it shall appear that such action is just."

The court then concluded, however, that it could not remand in this case because plaintiff had elected to file a written appeal of the denial of her claim instead of pursuing her right to a hearing under the rules of the Retirement System.

■■ The Retirement System received considerable evidence in the form of letters and reports dealing with plaintiff's physical condition and with the availability of the position which she held when she became disabled, both as presently structured and as it was in the past. Although that evidence is somewhat contradictory, the record clearly does not support a

denial of plaintiff's claim. Our courts have repeatedly invoked the power to remand a cause to the administrative agency when the record is clearly inadequate. (See *Sanderson v. De Kalb County Zoning Board of Appeals* (1974), 24 Ill. App. 3d 107, 320 N.E.2d 54.) In one case the reviewing court remanded for further proceedings where the record did not disclose whether a hearing had been held or not. (*Sye v. Wood Dale Fire Protection Dist.* (1976), 43 Ill. App. 3d 48, 356 N.E.2d 938.) Hence, we believe the trial court should not have refused to remand when the case otherwise requires a remand, merely because plaintiff filed a written appeal, particularly where she did so without benefit of counsel.

■■ The Administrative Review Act has been interpreted as requiring the agency to make sufficient findings of fact to support the order entered, and those findings must have a substantial foundation in the evidence. (*United Cities Gas Co. v. Illinois Commerce Com.* (1970), 47 Ill. 2d 498, 265 N.E.2d 608; *Ford v. Environmental Protection Agency* (1973), 9 Ill. App. 3d 711, 292 N.E.2d 540.) Here the only findings of fact were that the position plaintiff previously held was still available to her and that she had stated she would be able to return to that position. We think the record does not demonstrate a substantial foundation for those findings. According to the most recent documents in the record, plaintiff would be willing to return to work if she were able. Her doctor indicates that she cannot perform the duties of an alcoholism counselor with safety unless the conditions and location were exactly the same as previously. Officials in the Mental Health Center stated that the location and duties of her position had been changed so that now her life would be in danger if she tried to do the work. These documents in the record are entitled to considerable weight and, we believe, suggest that plaintiff may not be able to return to her previous position. Taking into account the fact that she was apparently working with patients who required security precautions in order for treatment to be given with safety, we find the conclusion compelling that the Retirement System erred in basing its denial of plaintiff's claim on the fact that she said she would return to work. Because that finding does not support the order, this is an appropriate case to remand for further proceedings consistent with the views stated herein.

Reversed and remanded.

STOUDER and HEIPLE, JJ., concur.