24 Ill. App.3d 107 (1974)
320 N.E.2d 54
JON SANDERSON et al., Plaintiffs-Appellees,
v.
DE KALB COUNTY ZONING BOARD OF APPEALS, Defendant.  (JOSEPH E. WALSH et al., Defendants-Appellants.)
No. 73-353.
Illinois Appellate Court  Second District.
November 27, 1974.
*108 John A. Leifheit, of Leifheit, Cliffe & Engel, of De Kalb, for appellants.
Charles L. Fierz, of Sycamore, for appellees.
Judgment reversed.
Mr. JUSTICE CLYDESDALE delivered the opinion of the court:
Defendants-appellants, Joseph E. Walsh, Jane C. Walsh and Electro-Shield Corporation, appeal from the judgment of the Circuit Court of De Kalb County which reversed the action of the De Kalb County Zoning Board of Appeals in granting appellants a variance allowing light manufacturing use in an otherwise agriculturally zoned area.
Four of the five members of the De Kalb County Zoning Board of Appeals met on November 2, 1971, to consider the request of Joseph Walsh that a variance be granted concerning the use of a parcel of land in Clinton Township. The Walshes are the sole owners of the property in question and also the sole owners of Electro-Shield Corporation. They *109 took possession of the land on October 15, 1968. Appellees, Sanderson and wife, owned an adjoining parcel of land which they acquired in March of 1968. Prior to October 15, 1968, the Walsh's land had been devoted to a variety of nonconforming uses. These included manufacturing, drafting, research and development, a lumber yard, a hardware store, chemical research and a prefab housing section manufacturing facility. The record is silent with regard to the order and chronological use of the land prior to the Walsh's acquisition thereof except that it does indicate that the property may have been used to manufacture prefab housing at the time the appellants and appellees purchased their respective parcels of land. Sandersons allege, however, that the nonconforming use had terminated and that the continued operation of this business was without a permit and without a proper variance having been granted.
Walsh requested that the De Kalb County Zoning Board of Appeals grant he and his wife and the Electro-Shield Corporation a 10-year variance to permit light manufacturing, vacuum forming, laminating and trimming of plastic products. In addition, they sought permission to construct living quarters for himself and his wife and to construct an additional manufacturing building not in excess of 10,000 square feet.
Pursuant to the De Kalb County Zoning Ordinance, the Board unanimously voted to grant the variance but failed to make any findings of fact specifying the reasons for its issuance as required by the ordinance. The plaintiffs-appellees, who had objected to the variance at the hearing, filed a complaint for administrative review. The circuit court reversed the decision of the Zoning Board of Appeals but did not remand the cause and ordered that the Walsh's property henceforth be used for uses permitted by the "F" (agricultural) zoning classification of the De Kalb County Zoning Ordinances.
Paradoxically both sides to this controversy agree that the decision of the Zoning Board of Appeals can not stand. Their differences arise over the disposition arrived at by the circuit court.
Appellants contend upon appeal: (1) That the court exceeded its power under the Administrative Review Act when it limited further use of the property to agricultural uses, and (2) That the court should have remanded the cause back to the Zoning Board of Appeals for further hearings and findings of fact as required by the De Kalb County Zoning Ordinance.
Appellees argue that the appellants cannot raise a point on appeal which was not raised in the trial court. (People v. Bybee, 9 Ill.2d 214, 222, 137 N.E.2d 251; Zelney v. Murphy, 387 Ill. 492, 56 N.E.2d 754.) Simply stated they allege that since the appellants failed to raise the question of the court exceeding its power in the lower court, they should be prevented *110 from arguing it on appeal. Appellants point out that the lower court reviewed the proceedings before the administrative body solely from the record of that body and that until the entry of the court's order, which included the language further restricting the use of the property, there could not be any objection. Appellants promptly filed a motion to vacate which did not specify the grounds for vacating the judgment.
 1, 2 We do not agree with the argument advanced by the appellees. Although a litigant may be bound by some action he has taken or failed to take, we do not believe that a strict application of this rule of law should apply in the instant case. A combined reading of Illinois Supreme Court Rules 341(e)(7) and 366(a)(5) allows a reviewing court to act on its own motion to reach a just result and a uniform body of precedent. (Hux v. Raben, 38 Ill.2d 223, 230 N.E.2d 831; Wozniak v. Segal, 56 Ill.2d 457, 308 N.E.2d 611.) In the case before us, we believe that justice and fairness requires us to examine appellant's contentions.
 3-6 Appellants argue that their land had a nonconforming use status prior to the request for the variance and the circuit court erred when it denied the variance and ordered the land to be henceforth used only for "F" agricultural purposes. Appellants admit that the Zoning Board of Appeals failed to comply with section 3.1 of "An Act in relation to County Zoning" (Ill. Rev. Stat. 1971, ch. 34, par. 3154) and with the De Kalb County Zoning Ordinance, art. 18, par. 3, p. 56, in that it failed to specify the facts or to list the reasons for granting the variance. They further admit that the Board's decision cannot stand. They assert, however, that the circuit court's order restricting their land to agricultural uses constituted an impermissible new or independent remedy in excess of the authority granted the court by the Administrative Review Act. (Ill. Rev. Stat. 1971, ch. 110, par. 275; Krachock v. Department of Revenue, 403 Ill. 148, 85 N.E.2d 682; Strohl v. Macon County Zoning Board, 411 Ill. 559, 104 N.E.2d 612.) The contention indeed has merit if appellant's property had never lost its nonconforming use status prior to the Board's decision. Such a use cannot be taken away except where necessary for the public health, comfort, safety or welfare. (Village of Lake Bluff v. Horne, 24 Ill. App.2d 343, 164 N.E.2d 217.) A nonconforming use may be abandoned, but the owner must intend to abandon it. A nonconforming use is a property right which if taken away in an unreasonable manner, or in a manner not grounded on public welfare, would be invalid. (McCoy v. City of Knoxville, 41 Ill. App.2d 378, 190 N.E.2d 622.) Furthermore, purchasers of property constituting a nonconforming use who had knowledge of the ordinance are entitled to the same rights under the ordinance as their grantors. Schneider v. Board of Appeals, 402 Ill. 536, 84 N.E.2d 428.
*111  7 The difficulty with the present case arises from the fact that the record does not clearly disclose whether the use of appellant's property constituted a nonconforming use and, if one existed, what it was. The transcript of the Board's proceedings indicate that the Board apparently thought that there was a nonconforming use for the construction of prefab homes. Appellee, Sanderson, denied the activity at the hearing before the Board but admitted that if it did exist it was without a permit and without a proper variation. The circuit court, in rendering its decision, apparently gave no thought to the possibility of a nonconforming use existing upon appellant's property. And while the circuit court had the power to reverse the Board for not making findings of fact under the Administrative Review Act, the Act does not confer authority upon the court to eliminate an existing nonconforming use simply because a zoning board of appeals fails to grant a variance upon proper findings of fact.
In light of the uncertainty concerning the Board's reasons for granting the variance and the uncertainty as to the land's prior use, the order of the circuit court should be reversed and the cause remanded.
The statutory power of the circuit court is clearly defined in section 12 of the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 275), and those portions thereof relevant to our case read as follows:
"(1) The Circuit Court shall have power:
* * *
(e) to affirm or reverse the decision in whole or in part;
(f) where a hearing has been held by the agency, to reverse and remand the decision in whole or in part, and, in such case, to state the questions requiring further hearing or proceedings and to give such other instructions as may be proper;
(g) where a hearing has been held by the agency, to remand for the purpose of taking additional evidence when from the state of the record of the administrative agency or otherwise it shall appear that such action is just. * * *"
 8, 9 The circuit court has the power to remand but it is discretionary not mandatory. (Watson v. Civil Service Com., 28 Ill. App.2d 424.) However, when the record of an administrative agency is clearly inadequate, the case should be remanded to the agency in accordance with section (g) of section 12, supra. Sgro v. City of Springfield, 6 Ill. App.3d 478, 285 N.E.2d 589.
 10 In the instant case, the circuit court's ground for reversal was the Board's failure to make the fact findings required by the De Kalb County Zoning Ordinance. We cannot fault the court for this finding because *112 the Board was clearly in error for its failure to make findings of fact in support of its decision. However, the court overlooked the fact that the four-man board voted unanimously in favor of the variance after hearing all the evidence and the arguments on both sides. We are of the opinion that the court abused its discretion in not ordering remand.
To affirm the lower court's decision to simply reverse would prejudice the appellant's right to have the Board set forth its reasons and findings of fact to substantiate its decision to grant a variance. To remand would also accomplish the added purpose of clarifying the non-conforming use issue. This issue was not argued before the circuit court and is in any event a question of fact for agency determination. The Board should be able to quickly and fairly resolve these issues by holding another hearing and issuing proper fact findings in support of their decision.
The order of the circuit court is reversed and the cause remanded to the De Kalb County Zoning Board of Appeals for further proceedings consistent with these views.
Judgment reversed.
G. MORAN, P.J., and CARTER, J., concur.