ROY SYE *et al.*, Plaintiffs-Appellees, *v.* WOOD DALE FIRE PROTECTION DISTRICT NO. 1 *et al.*, Defendants-Appellants.

Second District (2nd Division)    Nos. 75-349, 75-350 cons.

Opinion filed August 10, 1976.—Supplemental opinion filed upon denial of rehearing November 19, 1976.

Matthews, Jordan, Dean, Eichmeier & Petersen, of Aurora, for appellants.

Chew, Yorke & North, of Wheaton, and Walter P. Maksym, Jr., of Addison, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

For the purpose of decision we have consolidated these two cases which arose out of similar circumstances and were brought against the same defendants. Plaintiffs, Sye and Bishop, respectively a probationary fireman and a part-time fireman with the defendant Fire Protection District (District), each brought an action for administrative review of his discharge by the Board of Trustees (Board) of the District. The circuit court reversed the Board's orders of discharge and directed that each plaintiff be restored to his *status quo ante* with the District, be reimbursed all benefits lost as a result of the Board's decision, and have all privileges

restored. Defendants appeal from the trial court's orders reversing the administrative discharges.

The court's order in each case has an identical basis: the administrative record presented by defendants indicates a denial of substantive and procedural due process. The record consists of the minutes (two pages in their entirety) from the Board's January 12, 1975, meeting at which the protested discharges were effected. Pertinent here, the minutes reflect only a dispositional paragraph for each plaintiff indicating the administrative action taken, by whom the motion was made, and by whom it was seconded.

Defendants urge that the trial court ruled incorrectly in that plaintiffs, being probationary and part-time firemen, were not entitled to a hearing prior to discharge. Even if they were so entitled, defendants argue, plaintiffs failed to prove the allegations of their complaints—that they were denied a hearing in conformity with due process. Defendants also assert that, if the court below found the record on review inadequate, it should have remanded the cause to the Board for further proceedings.

■■ The discharge of plaintiff firemen is governed by statute and by rules made pursuant thereto. (An Act in relation to fire protection districts. Ill. Rev. Stat. 1973, ch. 127½, pars. 37.05, 37.13.) No section of the statute is cited which by its terms specially governs the removal of probationary or part-time employees, nor is it asserted that the District's rules contravene the applicable statute. It is therefore incumbent on this court to consider the effect of these rules on the plaintiffs' rights. Although the rules and regulations of the defendant district were not made part of the record on appeal, we may properly take judicial notice of them. *Davis v. Marathon Oil Co.*, 28 Ill. App. 3d 526, 534 (1975); *cf. People ex rel. Newdelman v. Weaver*, 50 Ill. 2d 237, 240-41 (1972); *Department of Public Welfare v. Bohleber*, 21 Ill. 2d 587, 593 (1961).

Following an instruction that all members of the fire department shall familiarize themselves with the rules and regulations, the first page of such rules contains the following paragraph:

> "Every member or employee of the fire department shall be subjected to reprimend [*sic*], suspension, reduction in rank, deduction in pay, extra duty, or dismissal from the Fire Department and from the service of the District according to the nature of the offense, for violation of any of the rules, regulations, or general orders of the Fire Department now in force, or that may be hereafter issued, or from breach of contract, after having been given an opportunity to be heard in his or her own defense."

On page 10 of the rules and regulations, under the heading "General Orders—Discipline," a paragraph, in language virtually identical to that just quoted, reiterates the right of "every member or employee of the Fire

Department" to an opportunity to be heard in his or her own defense before dismissal or other disciplinary action. On page 2 of the rules and regulations, under a heading entitled "Definitions," is the following entry: "Probation—a new member [*sic*] serving a 12 month testing period." A thorough reading of the totality of the rules and regulations of the defendant district fails to reveal any further specific instructions as to treatment of probationary or part-time employees. In the absence of a specific provision expressly exempting probationary or part-time employees from the class expressly covered—"every member or employee of the Fire Department"—the defendant district is required by the unambiguous language of its own rules to afford each plaintiff an opportunity to be heard in his own defense prior to dismissal, for once having established rules and regulations pursuant to statute "the administrative agency making them becomes itself bound by them." (*Heifner v. Board of Education*, 32 Ill. App. 3d 83, 87 (1975), citing *Margolin v. Public Mutual Fire Insurance Co.*, 4 Ill. App. 3d 661 (1972).) We have discovered no reading of these rules, and none has been suggested, under which defendant district could, without violating its own rules, discharge plaintiffs without granting them prior opportunity to be heard. For this reason the trial court's ruling was correct to the extent it held that plaintiffs were entitled to a hearing prior to discharge.

■■ Defendants cite *Romanik v. Board of Fire & Police Commissioners*, 61 Ill. 2d 422 (1975), for the proposition that a municipality has the right to summarily discharge a probationary fireman or policeman. They argue by analogy that, this being so, a part-time fireman clearly occupies a lesser status than a probationary fireman and therefore his rights to a hearing should be no greater than those of a probationary fireman. The *Romanik* case, however, focused on statutory language in the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, pars. 10—2.1—15 and 10—2.1—17), inapplicable here, to determine whether it *prohibited the adoption of rules providing for summary discharge of a probationary employee.* As neither the applicable statute nor the rules of the defendant district in the case at hand provided summary discharge procedures for probationary or part-time employees, and as the District's rules expressly *did* provide for a hearing before discharge for every member or employee, the *Romanik* case is inapposite to the situation at bar.

From the administrative record presented, it is impossible to determine whether a hearing was held, and defendants, in their briefs, make inconsistent statements as to whether such was or was not held.

Further, the court, on administrative review, has both the duty and the power to consider the record of the agency decision to see if the agency findings are supported by evidence in the record. (*Secaur v. Illinois State*

*Civil Service Com.*, 408 Ill. 197, 202-03 (1951).) It is only when the administrative decision is against the manifest weight of the competent evidence that a court is justified in setting aside the agency ruling. (*Harrison v. Civil Service Com.*, 1 Ill. 2d 137, 146-47 (1953).) The parties brought before an administrative agency are entitled to have that body base its decision on evidence received at the hearing. Where the record does not disclose evidentiary support for the agency's finding, the reviewing court must set aside the agency's order. *Caliendo v. Goodrich*, 34 Ill. App. 3d 1072, 1076 (1975).

■■■ If, in the instant case, an administrative hearing was held, there are no facts in the record to sustain any charges brought against defendants. We have only a summary statement of their discharge contained in the minutes of a meeting. Under such circumstances, a court may simply reverse the agency, or, alternatively, in its discretion and under section 12 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 275) remand the matter to the agency. Where the record of the hearing is clearly inadequate, the case should be remanded to the agency. (*Sanderson v. De Kalb County Zoning Board of Appeals*, 24 Ill. App. 3d 107, 111 (1974); *Curtis v. State Police Merit Board*, 349 Ill. App. 448, 457 (1953).) Such is the situation at bar.

For the reasons stated, we are of the opinion that the trial court should have remanded this case to the Board to conduct a proper hearing in accordance with the District's rules. The order appealed from is therefore vacated and the cause remanded to the trial court for further proceedings in accordance with the views expressed herein.

Order vacated; cause remanded for further proceedings.

RECHENMACHER and DIXON, JJ., concur.

SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

In their petitions for rehearing the plaintiffs, for the first time, assert that written charges and a hearing, as provided for in section 16.13 of "An Act in relation to fire protection districts" (Ill. Rev. Stat. 1973, ch. 127½, par. 37.13), are jurisdictional prerequisites to the Board's action. Plaintiffs assert that, since there is no evidence in the record of written charges, the Board never had jurisdiction and, therefore, reversal rather than remandment is required in this case.

■■ The above argument is based entirely on analogy to section 10—2.1—17 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par.

10—2.1—17), which in *Kozsdiy v. O'Fallon Board of Fire & Police Commissioners* (1975), 31 Ill. App. 3d 173, was held to be a jurisdictional prerequisite without which the action of the Board in discharging a municipal employee was void. However, this case is not sound authority for the proposition that section 10—2.1—17 of the Municipal Code—or the analogous section 16.13 in the present case—creates jurisdictional prerequisites for the discharge of probationary employees, since the recent case of *Romanik v. Board of Fire & Police Commissioners* (1975), 61 Ill. 2d 422, 425, held that that section did not require written charges or hearing prior to dismissal of a probationary employee. As *Kozsdiy* is not persuasive authority in view of *Romanik*, and since plaintiffs cite us no other authority which would indicate that the subject statute or agency rule require written charges as a jurisdictional prerequisite to Board actions against probationary or preprobationary employees, plaintiffs' petition for rehearing is denied.

Petition denied.

RECHENMACHER and DIXON, JJ., concur.