CAPTAIN ROBERT V. BECHLER, Plaintiff-Appellee, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF JOLIET *et al.*, Defendants-Appellants.

Third District   No. 76-17

Opinion filed March 31, 1977.

Raymond A. Feeley, of Joliet, for appellants.

McKeown, Fitzgerald, Zollner, Buck, Sangmeister & Hutchison, of Joliet, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff, Captain Robert V. Bechler of the Joliet Fire Department, brought an action in the Circuit Court of Will County pursuant to the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264) to review a decision of the Board of Fire and Police Commissioners of the City of Joliet, hereafter referred to as the Board. The Board had reviewed a decision of Fire Chief Edward J. Peters suspending plaintiff for two days. After a full hearing the Board upheld the two-day suspension. On appeal to the trial court the decision of the Board was found to be against the manifest weight of the evidence and the order upholding the two-day suspension was reversed. This appeal followed.

The record discloses that the formal charge lodged against Captain Bechler was that he violated "set Fire Department Procedures." The facts surrounding the incident that resulted in the charge which caused the disciplinary action occurred on December 23, 1973. After receiving a call on a fire at 400 Moran Street, Captain Bechler and his crew erroneously proceeded to 400 Marion Street. The Board contended that plaintiff's proceeding to the wrong address resulted from his violation of "set Fire Department Procedures" in that he did not acknowledge by radio communication that he was enroute to 400 Moran Street.[1]

The Board phrases the issue presented for review as whether the trial court abused its discretion by substituting its judgment for that of the Board. They contend that the duty of the trial court upon review of the administrative agency is to accept as prima facie the factual findings of the agency. (*Basketfield v. Police Board* (1974), 56 Ill. 2d 351, 307 N.E.2d 371.) We believe the trial court adhered to that duty, but was correct in finding that the decision of the Board was against the manifest weight of the evidence. It is necessary for and the duty of the reviewing court to review the entire record to ascertain whether the agency's decision and order are justified. (*Gigger v. Board of Fire and Police Commissioners* (4th Dist. 1959), 23 Ill. App. 2d 433, 172 N.E.2d 33; *Sye v. Wood Dale Fire Protection District No. 1* (2d Dist. 1976), 43 Ill. App. 3d 48, 356 N.E.2d 938.) We have carefully considered the entire record in this case and concur in the trial court's conclusion that the Board's decision that Captain

---

[1] The record indicates a conflict as to whether Captain Bechler responded by radio that he was enroute which was established procedure. Captain Bechler testified he did respond, but that he did not receive an acknowledgment from the dispatcher. The dispatcher testified he did not receive Captain Bechler's communication that he was enroute but explained as a reason therefore that the plaintiff's radio was an older model tube type that might not have been sufficiently warmed up enough to transmit. The Board in its written decision, however, made as a finding of fact that Captain Bechler had radioed his departure.

Bechler violated "set Department Procedures" was against the manifest weight of the evidence. Though Captain Bechler conceded that in reporting his departure he did not repeat the destination for accuracy, the evidence preserved in the record before us does not support the Board's finding that verifying the destination when reporting departure from the station was a set Fire Department Procedure. To the contrary several of the witnesses testified that verifying the destination was not usually done. Even Fire Chief Peters did not affirmitively state that verifying the address was a set department procedure. Some evidence suggested a minimum amount of radio communication to avoid congestion was ordered by the Fire Chief. All the witnesses at the hearing were in agreement that no written directive had been given concerning the subject matter of the charge against Captain Bechler. In *Smith v. O'Keefe* (5th Dist. 1973), 9 Ill. App. 3d 814, 293 N.E.2d 142, the fact that there were no written rules governing the procedure which the fireman allegedly violated was a determining factor in deciding whether the reviewing board's disciplinary decision was against the manifest weight of the evidence. The trial court did not reweigh the evidence in a trial de novo as was contended by the Board. (*Lieberman v. Rochford* (1st Dist. 1976), 43 Ill. App. 3d 1001, 358 N.E.2d 287.) We are not unmindful of the importance of a decision on this matter which affects the maintenance of discipline within a fire department and therefore involves preservation of life and property as was noted by the trial judge in his detailed written order reversing the Board. Our own view of the record coincides with that expressed by the trial judge in his written opinion finding the Board's decision was against the manifest weight of the evidence and that the disciplinary action taken against Captain Belcher was improper.

The judgment of the Circuit Court of Will County is affirmed.

Judgment affirmed.

STENGEL, P. J., and SCOTT, J., concur.