MICHAEL AZZONE, Plaintiff-Appellant, *v.* THE NORTH PALOS FIRE PROTECTION DISTRICT *et al.*, Defendants-Appellees.

First District (4th Division) No. 81-729

Opinion filed April 8, 1982.

Albert Brooks Friedman, of Chicago (Frederick M. Ellis, Jr., of counsel), for appellant.

Richard T. Wimmer, of Klein, Thorpe and Jenkins, of Chicago, for appellees.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

On July 17, 1980, plaintiff, Michael Azzone, filed a complaint for administrative review (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) against defendants, the North Palos Fire Protection District (Fire District), and the board of trustees, Albert Rawot, Reuben Dommer and Terrence Kenny, on account of his removal and demotion from shift commander of the fire department. Defendants' motion to dismiss pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45) was granted by the circuit court of Cook County. From this dismissal, plaintiff appeals. The sole issue for review is whether the trial court erred in granting defendants' motion to dismiss.

We affirm.

Plaintiff's complaint alleged that he served as a volunteer fireman from 1974 to mid-1977, as a full-time fireman from mid-1977 to January 18, 1980, and as a shift commander from January 19 to June 18, 1980, for defendants. Around June 18, 1980, a notice was posted on defendants' bulletin board, signed by Terrence Kenny, secretary to the Board of Trustees, which stated the following:

"Effective as of Wed. June 18th, 1980 at 1400 hrs. S/C Mike Azzone has been dropped as shift commander from this department and will return to the position of firefighter, per order of the Board of Trustees."

When plaintiff asked why he had been demoted, defendants did not state a reason. Defendants further refused to comply with plaintiff's demand for a written explanation of his discharge.

Plaintiff further alleged that Albert Rawot, Reuben Dommer, and Terrence Kenny, who comprise the board of trustees, had knowledge of his removal and discharge. Plaintiff also requested that a hearing be held pursuant to section 16.13 of "An Act in Relation to Fire Protection Districts" (Ill. Rev. Stat. 1979, ch. 127½, par. 37.13) (hereafter referred to as the Act). Defendants denied him a hearing. Plaintiff also alleges that he was deprived of his liberty and his property without an opportunity to be heard, that defendants' actions were arbitrary and unreasonable without statutory authority, and such actions were substantially and procedurally improper. Plaintiff sought an order reversing and setting aside his removal and discharge, with back pay, damages, and attorney fees.

On August 22, 1980, defendants filed a motion to dismiss which alleged that sections 16.01 through 16.18 of the Act (Ill. Rev. Stat. 1979, ch. 127½, pars. 37.01 through 37.18) were inapplicable because defendants had not elected to apply those sections and, therefore, there was no right to a hearing before discharge. On January 19, 1981, the trial court granted defendants' motion to dismiss, and plaintiff appealed.

■■ Plaintiff contends that sections 16.01 through 16.18 of the Act apply to defendants because the legislature intended that members of all fire departments have a right to a hearing on discharge or removal. We disagree with plaintiff's contention. The demotion of plaintiff is not governed by statute because section 16.01 of the Act states, in pertinent part:

"Any fire protection district having a fire department of which 3 or more, but not all members, are full time, paid members, may, at the option of the fire protection district board of trustees, elect to come under the provisions of Sections 16.01 to 16.18, inclusive, and shall be subject to the provisions of Section 16.13 relating to removal or discharge of fire department personnel."

Defendants, whose members are not all full time, paid personnel, did not elect to come under this section. It is our opinion section 16.01 indicates that if a district does not elect to come under that section, then section 16.13 relating to removal or discharge does not apply. Consequently, the demotion of plaintiff is governed by the Fire District's rules and regulations.

■■ Section 6 of the Act (Ill. Rev. Stat. 1979, ch. 127½, par. 26) grants the board of trustees power to pass all necessary ordinances and rules and regulations for the fire department. The rules and regulations of defendant Fire District were not made part of the record, but we will take judicial notice of them. (*Sye v. Wood Dale Fire Protection District No. 1* (1976), 43 Ill. App. 3d 48, 50, 356 N.E.2d 938, 940.) The regulation relating to shift commander states:

"20. The Shift Commander will be on probation for a one-year

period. If for any reason, the Chief of the Department, Board of Trustees or the Executive Board feels that the Shift Commander is not properly doing his or her job, that Shift Commander will be dropped as a Shift Commander and another fire personnel will be appointed to fill his or her position. The person being dropped from Shift Commander will be dropped by the Board of Trustees but will remain as a paid member of this Department if he or she so desires, as a paramedic or fire-fighter, or whatever his or her status was before being appointed Shift Commander."

Once making its own rules and regulations, the district is bound by them. (*Sye v. Wood Dale Fire Protection District No. 1* (1976), 43 Ill. App. 3d 48, 51.) The above regulation specifically states that the shift commander is a probationary employee for a 1-year period. It does not require defendant Fire District to have a hearing prior to demotion. In this case, the Fire District's rules and regulations control because there was no election by defendants to come under the provisions of sections 16.01 through 16.18 of the Act.

■■ Additionally, since defendants did not elect to come under the provisions of sections 16.01 through 16.18 of the Act, plaintiff cannot seek administrative review as provided under section 16.13 of the Act.

The trial court did not err by granting defendants' motion to dismiss.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI and JIGANTI, JJ., concur.