2025 IL App (1st) 241291-U

THIRD DIVISION
August 20, 2025

No. 1-24-1291

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

**IN THE**
**APPELLATE COURT OF ILLINOIS**
**FIRST JUDICIAL DISTRICT**

| | |
|---|---|
| CHARLES B. DENNIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Cook County |
| | ) |
| v. | ) 2023 CH 02885 |
| | ) |
| ILLINOIS DEPARTMENT OF STATE POLICE and ILLINOIS | ) |
| CONCEALED CARRY LICENSING REVIEW BOARD, | ) Honorable |
| | ) Sophia H. Hall, |
| Defendants-Appellees. | ) Judge, presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Lampkin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the Board's decision to deny plaintiff's application for a concealed carry license where the concealed carry statute is constitutional on its face and plaintiff forfeited any as-applied claim, and plaintiff was not denied due process during the administrative proceedings.

¶ 2     Plaintiff Charles B. Dennis appeals the circuit court's judgment affirming the Illinois Concealed Carry Licensing Board's (Board) denial of his application for a concealed carry license (CCL). On appeal, plaintiff contends that (1) the concealed carry statute is unconstitutional on its face where there is no historical analog supporting the regulation, (2) he was denied due process

in the administrative proceedings where the Board did not conduct an evidentiary hearing, and (3) the circuit court erred when it refused to remand the matter for further evidence. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Plaintiff is an Illinois resident, and he possesses a Firearm Owner's Identification (FOID) card. On May 24, 2022, plaintiff applied for a CCL because the neighborhood where he resided was "changing," and he wanted to protect himself and his family. The Illinois Department of State Police (ISP) received an objection to plaintiff's application pursuant to section 15(a) of the Firearm Concealed Carry Act (Act) (430 ILCS 66/15(a) (West 2022)). The objection was made by Officer Anthony Famiglietti on behalf of Superintendent David O. Brown of the Chicago Police Department (CPD). In support of the objection, the CPD submitted two police reports.

¶ 5      The first report indicated that on November 9, 2009, plaintiff was arrested for domestic battery. On that day, officers responded to a call regarding a person with a knife. The victim, who was plaintiff's girlfriend at the time, stated that they had a verbal altercation and plaintiff "pulled her by her hair towards the ground and began kicking her about the body with his foot." The victim stated that she suffered minor bruising and swelling to her left forearm. The responding officers observed no visible injuries on the victim, and she refused medical treatment. Plaintiff was taken into custody, but the case was later stricken from the docket "with leave to reinstate."

¶ 6      The second report indicated that plaintiff was arrested on May 13, 2017, for domestic battery. Blue Island police officers responded to a "domestic battery in progress, with a male subject armed with a knife." The male subject, identified as plaintiff, informed the dispatcher that he had placed the knives in the sink. The report summarized plaintiff's statement to police. He stated that he and his wife "were fighting over money, and that the house is going into foreclosure."

He told police that his wife's family threatened him over the phone, causing the argument "to escalate." His wife "bumped his chest into hers" and "he bumped her back." At some point, he held two kitchen knives in his hands, but he never threatened his wife with them.

¶ 7    The report also summarized the statement given by plaintiff's wife, Stacy. She stated that plaintiff was "bi-polar" and "was having a bad day today, yelling and threatening her." During their argument, plaintiff pushed her into the bedroom closet door. He told her, "If you mess with me I'll split your face." Plaintiff "got two kitchen knives, which he held in one hand, and was on his cell phone with the other." He told Stacy, "I love you, but it's going to be war." Plaintiff then "placed the two knives in the sink, at which point the police arrived."

¶ 8    Stacy signed a complaint based on plaintiff "pushing her into the closet, but not for the knives." She stated that she never felt threatened by the knives. Stacy refused medical treatment, and plaintiff was taken into custody. The case was subsequently stricken from the docket "with leave to reinstate."

¶ 9    The CPD also included plaintiff's criminal history report. That report showed plaintiff's two domestic battery arrests, as well as arrests in 2005 for driving on a revoked license and for a child restraint violation. For the latter charges, plaintiff was found guilty and served a sentence of one year of supervision. Plaintiff also had an arrest in 1997 for criminal trespass to vehicles, which was stricken from the docket with leave to reinstate. In 1994, plaintiff was arrested for theft. He pleaded guilty and completed a one-year term of supervision.

¶ 10    The objection and reports were submitted to the Board pursuant to section 15(a) of the Act. On August 15, 2022, the Board sent a letter informing plaintiff of the objection and that a "majority of the Board determined that the objection filed against you appears sustainable." The letter recounted the information contained in the domestic battery arrest reports and stated that

"Pursuant to 20 Ill. Admin. Code 2900.140(e)(1), you now have 15 days from the date of receipt of this notice to submit any relevant evidence, including any documentation supporting any factual assertions you may make, to the Board for its consideration before a final administrative decision is rendered regarding your application. Information and supporting documentation can be uploaded to your application via the CCL website."

Plaintiff did not submit any statements or documents in response.

¶ 11     On March 3, 2023, the Board informed Officer Famiglietti that after reviewing the evidence received from the applicant and law enforcement, it determined that the evidence established by a preponderance of the evidence that plaintiff either posed a danger to himself or to others, or that he posed a threat to public safety. That same day, the ISP sent plaintiff a letter stating that his concealed carry application had been denied. The ISP informed plaintiff that the Board had "affirmed the objection of law enforcement and notified the Illinois State Police that you are ineligible for a license."

¶ 12     Plaintiff sought administrative review of the Board's determination. In his first amended complaint, plaintiff argued that the Board's decision was not supported by the facts. He noted that Stacy never felt threatened by the knives, and he was never convicted of any domestic battery offense. Plaintiff also alleged that he "is not a threat to himself or to others." In support, he attached an evaluation conducted by licensed clinical psychologist Mark Brenzinger in March 2022. Plaintiff was identified as having "low risk potential" for violence toward himself and others.

¶ 13     Plaintiff also alleged that he had a constitutional right under the second amendment to carry a concealed firearm and that the Act violated this right. He contended that in order to deprive citizens of this right, the Act must require a higher standard of proof for dangerousness than the standard articulated in the Act. Instead, the Act improperly placed an undue burden on applicants

to prove that they are not dangerous, which caused him to incur substantial costs to obtain a psychological evaluation. Plaintiff also alleged that his due process rights were violated. He argued that the Act was unconstitutional on its face and as applied to him.

¶ 14    Defendants responded that the Board's decision was supported by a preponderance of the evidence. They argued that plaintiff forfeited his constitutional challenges because he failed to raise the issues before the Board. On the merits, defendants argued that plaintiff received due process in the administrative proceeding where he received proper notice and had an opportunity to respond to the objection. Plaintiff, however, did not offer any evidence in response. Defendants also argued that plaintiff failed to establish that his constitutional rights were violated.

¶ 15    After a hearing, the circuit court affirmed the Board's decision. It found that the decision was not against the manifest weight of the evidence. The court also found that it could not consider plaintiff's contention challenging the Act's procedures or his constitutional arguments because they were not first raised before the Board. Nonetheless, the court considered the substance of his constitutional arguments and found them to be without merit.

¶ 16    Plaintiff filed this appeal.

¶ 17                                II. ANALYSIS

¶ 18    It is well-established that on administrative review, this court reviews the decision of the administrative agency, not the circuit court's judgment. Our review of the Board's determination is governed by Administrative Review Law. *American Federation of State, County & Municipal Employees, Council 31 v. Illinois State Labor Relations Board*, 216 Ill. 2d 569, 577 (2005). Our standard of review depends on whether the issue involves a question of law, a question of fact, or a mixed question of law and fact. *Id*.

¶ 19     We first consider plaintiff's claim that, pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), the Act violates his second amendment right to carry a firearm for self-defense outside his home. This contention presents a question of law that we review *de novo*. *People v. Madrigal,* 241 Ill. 2d 463, 466 (2011).

¶ 20     Defendants argue that plaintiff forfeited review of this claim because he failed to raise the issue before the Board. Generally, issues not raised before the administrative agency are deemed forfeited and cannot be raised for the first time on administrative review. *Texaco-Cities Service Pipeline Co. v. McGaw*, 182 Ill. 2d 262, 278 (1998). This rule applies to constitutional issues, even where the administrative agency lacks the authority to decide such questions. *Arvia v. Madigan*, 209 Ill. 2d 520, 526 (2004).

¶ 21     However, plaintiff challenges the Act's entire "statutory scheme," arguing that it operates to deprive citizens of their second amendment right when they are denied a license to carry a concealed firearm. Specifically, plaintiff argues that there is no historical analog for the Board's authority to deny a CCL, and that the reasonable suspicion standard used for objecting to applications under the Act is unconstitutionally speculative. Plaintiff's constitutional claim is a facial one. See *People v. Thompson*, 2015 IL 118151, ¶ 36 (describing a facial constitutional challenge as a claim that the statute is unconstitutional under any set of facts). Courts may consider a facial challenge to the validity of a statute, even if the issue was not first raised before the Board, if it presents "an entirely legal question that does not require fact-finding by the agency or application of the agency's particular expertise." *Id*. at 528.

¶ 22     Regardless of forfeiture, our supreme court recently held that the concealed carry licensing regime, as set forth in the Act, is facially constitutional in light of *Bruen*. In *People v. Thompson*, 2025 IL 129965, the supreme court considered the constitutionality of the Act's licensing regime.

The defendant in *Thompson* was convicted of aggravated unlawful use of a weapon (AUUW) because, although he had a FOID card, he did not have a CCL and he possessed an uncased, loaded handgun in a vehicle while traveling on a highway. *Id*. ¶ 7. Therefore, the defendant's possession of the handgun constituted unlicensed concealed carriage punishable under the AUUW statute. *Id*. ¶ 17. The issue before the court involved "the constitutionality of the AUUW statute's enforcement of the CCL licensing regime, which incorporates FOID card licensure." *Id*. To answer this question, the court considered whether the licensing regimes used to obtain a FOID card and a CCL "comport with the second amendment." *Id*. ¶ 38.

¶ 23 Relevant to this appeal, the supreme court found that the concealed carry licensing system was a "shall-issue" regime where it contained "narrow, objective, and definite standards" for granting licenses. *Id*. ¶ 42. As such, "the State *must* issue a CCL if the applicant meets the requirements of both the FOID Card Act and the Concealed Carry Act." (Emphasis added.) *Id*. ¶ 20. The court found that *Bruen* expressly held that "shall-issue firearm licensing regimes, like the one enacted in Illinois, comport with the second amendment" because they do not involve the "unchanneled discretion" of officials to deny licenses, nor do they contain a special-needs requirement. *Id*. ¶ 42. The supreme court acknowledged that under *Bruen*, if the firearm regulation covers presumptively protected conduct, the State must justify the regulation by showing that "it is consistent with this nation's historical tradition of firearm regulation." *Id*. ¶ 43. It found, however, that *Bruen*'s "express endorsement of shall-issue licensure obviate[d] the need for this court to apply the historical-tradition component of the *Bruen* analysis" to the case. *Id*. Although the defendant's facial challenge was without merit, the court noted that "[t]he processing of any given application in Illinois might give rise to an as-applied challenge ***." *Id*. ¶ 50.

¶ 24    Following *Thompson*, we find that Illinois' statutory concealed carry licensing regime is constitutional on its face. We do not ascertain from plaintiff's brief that he raised an as-applied constitutional challenge. However, to the extent that his arguments may be viewed as such, we find that plaintiff has forfeited administrative review of claims that the CCL statute is unconstitutional as applied to him. An as-applied constitutional claim " 'depends almost wholly upon a determination of factual matters in which the specialized agency is thought to be more proficient.' " *Arvia*, 209 Ill. 2d at 530-31, quoting *Bank of Lyons v. County of Cook*, 13 Ill. 2d 493, 495 (1958). When litigants assert an as-applied challenge, courts prefer that the issue is first raised before the administrative agency, "notwithstanding the agency's inability to rule on the matter[,]" so that opposing parties have a full opportunity to refute the challenge. *Id*. at 527-28. "Such an evidentiary record is indispensable because administrative review is confined to the record created before the agency." *Id*. This is especially true here, where plaintiff on administrative review discredits the evidence presented to the Board. We therefore decline to consider claims that the Act is unconstitutional as applied to plaintiff, where he did not raise that issue before the Board.

¶ 25    Plaintiff next contends that he was denied due process where he did not receive an evidentiary hearing before the Board. Since this contention raises a purely legal issue, our standard of review is *de novo*. *Lyon v. Department of Children & Family Services*, 209 Ill. 2d 264, 271 (2004).

¶ 26    While administrative proceedings are subject to due process requirements, "due process is a flexible concept and requires only such procedural protections as fundamental principles of justice and the particular situation demand." *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 92 (1992). Our supreme court has determined that to comply with due process, "[a]n administrative proceeding need not involve an evidentiary hearing in the nature of

a judicial proceeding." *Hayashi v. Illinois Department of Financial and Professional Regulation*, 2014 IL 116023, ¶ 40. Rather, the salient issue is whether the administrative proceedings provided the affected party with notice and a meaningful opportunity to be heard. *Perez v. Illinois Concealed Carry Licensing Review Board*, 2016 IL App (1st) 152087, ¶ 27.

¶ 27    In *Perez*, the plaintiff claimed, as does plaintiff here, that he was denied due process because the Board failed to hold an evidentiary hearing on the objections to his CCL application. *Id*. ¶ 26. This court found his argument unpersuasive. We noted that under the administrative rules, the Board was not required to hold an evidentiary hearing. *Id*. ¶ 27. The Board had also notified the plaintiff of law enforcement's objections and gave him an opportunity to respond, which he did. *Id*. Furthermore, the plaintiff did not request a hearing upon being notified of the objections, nor did he challenge the administrative process in the underlying proceedings. *Id*. ¶ 28. As such, he consented to the procedure and forfeited review of the issue on appeal. *Id*.

¶ 28    Similarly, plaintiff in this case was notified by letter of the objections and informed that he had 15 days "to submit any relevant evidence, including any documentation supporting any factual assertions you may make, to the Board for its consideration before a final administrative decision is rendered" on his application. Although he had an opportunity to be heard, he did not submit any evidence. Moreover, like the plaintiff in *Perez*, plaintiff here did not request a hearing below, nor did he raise his due process claim before the Board. The forfeiture rule "applies equally to issues involving constitutional due process rights." *Smith v. Department of Professional Regulation*, 202 Ill. App. 3d 279, 287 (1990). For these reasons, plaintiff's due process argument fails.

¶ 29    Plaintiff's final contention is that the circuit court erred when it did not remand the matter to the Board "for further evidence." Whether to remand a case to the administrative agency for the purpose of presenting new evidence is generally a matter within the sound discretion of the circuit

court. *Baker v. Illinois Department of Employment Security*, 2014 IL App (1st) 123669, ¶ 23. This contention also raises a question of statutory interpretation, which we review *de novo*. *Western Illinois University v. Illinois Educational Labor Relations Board*, 2021 IL 126082, ¶ 32.

¶ 30 The Code of Civil Procedure (Code) provides that on administrative review, the circuit court has the authority, "where a hearing has been held by the agency, to remand for the purpose of taking additional evidence ***." 735 ILCS 5/3-111(a)(7) (West 2022). Pertinent here, the plain language of the statute provides that the circuit court may remand the matter for additional evidence in cases "*where a hearing has been held by the agency ***.*" (Emphasis added.) *Id*. Plaintiff cites *Sanderson v. DeKalb County Zoning Board of Appeals*, 24 Ill. App. 3d 107 (1974), as support. In that case, however, a hearing was held prior to the administrative agency's final determination. *Id*. at 109. The Board in this case did not hold an evidentiary hearing prior to rendering its decision. Plaintiff has cited no support for his contention that he was entitled to a hearing upon remand when the Board did not conduct an evidentiary hearing in the first instance.

¶ 31 Furthermore, plaintiff seeks a hearing in order to persuade the Board to change its mind about his application. The Board, however, has "no inherent power for amending or changing a decision it has made." *Caldwell v. Nolan*, 167 Ill. App. 3d 1057, 1065 (1988). Being a creature of statute, the Board has only those powers specifically conferred upon it by the legislature. *Id.* To ascertain whether the Board has the power to reconsider or amend its decision, we look to section 20 of the Code, the Board's enabling statute. See *Goral v. Dart*, 2020 IL 125085. ¶ 33 (finding that "any action taken by an agency must be authorized by its enabling act").

¶ 32 The Board was created to consider law enforcement objections to an applicant's eligibility to obtain a CCL. 430 ILCS 66/20(a) (West 2022). The statute provides that:

"If the Board determines by a preponderance of the evidence that the applicant poses a danger to himself or herself or others, or is a threat to public safety, then the Board shall affirm the objection of the law enforcement agency or the Illinois State Police and shall notify the Illinois State Police that the applicant is ineligible for a license. If the Board does not determine by a preponderance of the evidence that the applicant poses a danger to himself or herself or others, or is a threat to public safety, then the Board shall notify the Illinois State Police that the applicant is eligible for a license. " *Id*. § 20(g).

Significant here, there is no provision authorizing the Board to reconsider its determination after finding an applicant ineligible for a license. Unless authorized by statute, an administrative agency may not modify or alter its decisions. *Beyer v. Board of Education of City of Chicago*, 2019 IL App (1st) 191152, ¶ 35.

¶ 33 Lastly, we address plaintiff's bare claim that the Board's determination that he was dangerous was not supported by the facts. In his opening brief, he contested the "speculative conclusion" that he was a danger to others or posed a threat to public safety, because it was based on a police report. In his reply brief, plaintiff asserted that the Board "did not properly consider the whole record" where it ignored the opinion of the psychologist who evaluated plaintiff and instead gave weight to "a six-year-old record of arrest."

¶ 34 Plaintiff did not expand on either argument with analysis, nor did he support his contention with citation to authority. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) provides that the appellant's brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. *** Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." An issue that is "merely listed or included in a vague allegation of error is not 'argued' and will not satisfy

the requirements of the rule." *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). As such, plaintiff has forfeited review of the Board's finding.

¶ 35    Regardless of forfeiture, there is no basis in the record to reverse the Board's determination. The Board's findings of fact are considered *prima facie* true, and we will not reverse those findings unless they are against the manifest weight of the evidence. *Beggs v. Board of Education of Murphysboro Community Unit School District No. 186*, 2016 IL 120236, ¶ 50. A factual determination is against the manifest weight of the evidence if the opposite conclusion is clearly evident. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008).

¶ 36    Here, the Board found, by a preponderance of the evidence, that plaintiff posed a danger to himself or others, or was a threat to public safety. In making this determination, the Board considered two reports detailing plaintiff's arrests for domestic battery. Police reports are included in the information the Board can consider when presented with an objection. *Jankovich v. Illinois State Police*, 2017 IL App (1st) 160706, ¶ 57. The evidence before the Board consisted of two police reports indicating that (1) during an altercation with his then-girlfriend, plaintiff pulled her by her hair towards the ground and "began kicking her about the body with his foot," and (2) during an argument with his wife, plaintiff pushed her into the bedroom closet door and told her, "If you mess with me I'll split your face." Plaintiff was holding two kitchen knives but placed them in the sink before police arrived. While plaintiff challenges the contents of the reports and refers to an evaluation conducted by a licensed clinical psychologist, he did not present this evidence to the Board even though he had every opportunity to do so.

¶ 37    Based on the evidence before the Board, we cannot say that the opposite conclusion was clearly evident or that the Board's determination was against the manifest weight of the evidence.

See *Perez*, 2016 IL App (1st) 152087, ¶ 22 (affirming the Board's finding that the plaintiff posed a danger, based on police reports for domestic battery, where he failed to "offer a statement refuting or explaining the evidence against him").

¶ 38                                    III. CONCLUSION

¶ 39    For the foregoing reasons, we affirm the Board's determination that plaintiff posed a danger under the Act and therefore was ineligible for a CCL.

¶ 40    Affirmed.